UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>) Case No. 5:24-cv-00359-LCB<br>) |
| **KINSEY ANNE ROUNSAVALL,** *et al.*, | )<br>)<br>) |
| **Defendants.** | ) |

**MEMORANDUM OPINION**

This matter comes before the court on Plaintiff Allstate Property and Casualty Insurance Company's motion for default declaratory judgment against Defendants Toney and Jeanne Rounsavall. (Doc. 14). Allstate's Complaint seeks a declaratory judgment that it does not owe Kinsey Rounsavall, Toney Rounsavall, or Jeanne Rounsavall any duty to defend or indemnify under Toney and Jeanne's insurance policy. (Doc. 1).

The Clerk of Court entered default against all the defendants except Kinsey Rounsavall. (Doc. 9). Allstate then moved under Federal Rule of Civil Procedure 55 for a default judgment against the defaulted defendants. (Doc. 14). Because Allstate's well-pleaded allegations and the evidence support its claim for declaratory judgment, the Court **GRANTS** the motion for default judgment and **ENTERS**

default declaratory judgment in favor of Allstate against Toney and Jeanne Rounsavall.

## I. BACKGROUND

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation marks omitted)). Accordingly, the Court takes as true the well-pleaded allegations of Allstate's complaint.

### A. Insurance Policy

Allstate's automobile insurance policy number 835 208 946 lists two holders, Toney and Jeanne Rounsavall, and two covered vehicles, a 2019 Honda Cr-V and a 2010 Ford F150 pickup. (Doc. 1-1 at 3-10). The policy also shows that Toney and Jeanne Rounsavall reside in Centerville, Tennessee. (*Id.* at 3, 7, 9). Moreover, the policy contains several definitions relevant to this case:

> 6. Resident means a person who physically resides in [a policyholder's] household with the intention to continue residence there. [A policyholder's] unmarried dependent children while temporarily away from home will be considered residents if they intend to resume residing in [a policyholder's] household.
>
> . . .
>
> 1. Insured Auto means an auto [a policyholder] own[s] which is described on the Policy Declarations and for which a premium is shown for Automobile Liability Insurance – Bodily Injury and Property Damage. This also includes:
>    a) its replacement auto;
>    b) an additional auto;

   c) a substitute auto;
   d) a non-owned auto;
   e) a trailer or travel-trailer.

 2. Insured Person means:
   a) While using [a policyholder's] insured auto:
    1) [policyholder];
    2) any resident; and
    3) any other person using it with [the policyholder's] permission.

   b) While using a non-owned auto:
    1) [policyholder]; and
    2) any resident relative.

 3. Non-owned Auto means an auto used by [a policyholder] or a resident relative with the owner's permission but which is not:
   a) Owned by [a policyholder] or a resident relative; or
   b) Available or furnished for the regular use of you or a resident relative.

 However, an auto owned by, or available or furnished for the regular use of, a resident relative shall be considered a non-owned auto with respect to:
   a) you, provided it is not owned by you or available or furnished for your regular use; and
   b) any resident relative who does not own the auto and for which the auto is not available or furnished for the person's regular use, provided the auto is not owned by you or available or furnished for your regular use.

(*Id.* at 20, 23).

 **B.** **Automobile Accident**

On August 25, 2022, Kinsey Rounsavall was driving a 1993 Toyota Camry northbound on Pulaski Pike in Huntsville, Alabama, when she made a left turn in front of an oncoming vehicle, resulting in a head-on collision. (Doc. 1-2). The police

report reflects that Kinsey resides in Harvest, Alabama. (*Id.*).

### C. State Court Action

On January 18, 2023, Michael Bell and Lynese Bell filed a personal injuries complaint against Kinsey Rounsavall, Toney Rounsavall and Jeanne Rounsavall in the Circuit of Madison County, Alabama. (Doc. 1 at ¶ 11); *Michael Brown and Lynese Bell v. Kinsey Anne Rounsavall, Toney Rounsavall, and Jeanne Rounsavall., et al.*, Case No. CV 2023-900059. In turn, Toney Rounsavall requested coverage pursuant to his policy. (*Id.* at ¶ 12). Allstate responded with a reservation of rights letter, reserving the right to deny coverage for the claim submitted by Toney Rounsavall. (Doc. 1-3).

### D. Federal Court Action

Allstate filed a complaint in this Court seeking a declaratory judgment that it has no duty to defend or indemnify Kinsey Rounsavall, Toney Rounsavall, or Jeannie Rounsavall under the applicable insurance policy. (Doc. 1). The docket sheet reflects that Allstate served Toney and Jeanna Rounsavall on April 6, 2024, making their responsive pleadings due April 27, 2024. (Doc. 5). On June 3, 2024, the Clerk of Court entered a default against Toney and Jeanna Rounsavall. (Doc. 9). On July 17, 2024 Allstate moved for a default declaratory judgment against the defaulted defendants. (Doc. 14).

## II.     ANALYSIS

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Second, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant as long as the well-pleaded allegations in the complaint state a claim for relief. Fed. R. Civ. P. 55(b); *Nishimatsu Contr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

Here, the Clerk of Court has already entered default against Toney and Jeanne Rounsavall, so the court must determine whether the well-pleaded factual allegations support Allstate's request for a declaratory judgment. Allstate argues that both Kinsey Rounsavall and the 1993 Toyota Camry that she was driving at the time of the collision are not covered under the policy issued to Toney and Jeanne Rounsavall. The Court agrees.

First, neither Kinsey Rounsavall nor the 1993 Toyota Camry that she was driving at the time of the accident is listed on the applicable policy. Second, the Complaint avers that Kinsey Rounsavall did not reside with Toney and Jeanne Rounsavall. In addition, the Complaint states Kinsey Rounsavall was not occupying

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

5

an "insured auto" at the time of the accident. Although a "non-owned auto" can qualify as an "insured auto" under the applicable policy, the Complaint explains that the 1993 Toyota Camry does not qualify as a "non-owned auto" because Kinsey Rounsavall is neither a policyholder nor a resident relative of Toney and Jeanne Rounsavall.

Thus, under policy number 835 208 946, Kinsey Rounsavall was not an "insured person," nor was she operating an "insured auto" at the time of the accident, and Allstate has no obligation to defend and/or indemnify Defendants Jeanne Rounsavall, Toney Rounsavall or Kinsey Rounsavall with respect to the lawsuit in the Circuit Court of Madison County, Alabama, captioned *Michael Brown and Lynese Bell v. Kinsey Anne Rounsavall, Toney Rounsavall, and Jeanne Rounsavall., et al.*, Case No. CV 2023-900059.

### III.   CONCLUSION

The court **GRANTS** Allstate's motion for a default declaratory judgment and **ENTERS** default declaratory judgment that Allstate owes no duty to defend or indemnify Jeanne Rounsavall, Toney Rounsavall, or Kinsey Rounsavall with respect to the lawsuit in the Circuit Court of Madison County, Alabama, captioned *Michael Brown and Lynese Bell v. Kinsey Anne Rounsavall, Toney Rounsavall, and Jeanne Rounsavall., et al.*, Case No. CV 2023-900059.

**DONE** and **ORDERED** this August 23, 2024.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE